**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

WESTERN WORLD )
INSURANCE COMPANY, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-13-216-KEW
 )
NONPROFITS' INSURANCE )
ALLIANCE OF CALIFORNIA, )
 )
       Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of *In Personam* Jurisdiction (Docket Entry #11). Defendant Nonprofits' Insurance Alliance of California ("NIAC") contends this Court lacks both specific and general personal jurisdiction over it such that this action cannot be maintained in this District.

Plaintiff Western World Insurance Company's ("Western World") initiated this action on May 21, 2013, seeking equitable contribution and/or equitable subrogation from NIAC. In accordance with the Complaint filed in this action, Western World is alleged to have issued a commercial insurance policy to Narconon of Oklahoma, Inc. ("Narconon"). Narconon provides drug and alcohol rehabilitation services to clients, operating a facility in Pittsburg County, Oklahoma.

Narconon International, a 501(c)(3) nonprofit organization located in Los Angeles, California, is provided coverage by Western

World as an additional insured. NIAC is a liability insurance pool established for 501(c)(3) tax-exempt nonprofit organizations in California. NIAC's principal place of business is located in Santa Cruz, California. NIAC issued a commercial general liability insurance policy (the "Policy") to insure Narconon International.

The Complaint further alleges Heather Landmeier ("Landmeier") sought drug rehabilitation services from Narconon on multiple occasions. Ultimately, Western World alleges that on March 4, 2008, Narconon demanded she leave the facility because she had begun using drugs again. On March 5, 2008, Landmeier overdosed, resulting in injury.

On March 2, 2010, Valerie Landmeier, as guardian of Landmeier, an incapacitated adult, filed a Petition in the District Court in and for Pittsburg County, Oklahoma alleging various claims against both Narconon and Narconon International. Western World contends it has provided a defense to those entities under a reservation of rights but NIAC has refused to do the same. Western World seeks equitable contribution and/or equitable subrogation from NIAC for the cost of defending Narconon International in the Landemeier lawsuit.

Through its Motion to Dismiss, NIAC contends it lacks the necessary minimum contacts with the State of Oklahoma for this Court to assume *in personam* jurisdiction. Even if the coverage clause in the insurance contract between NIAC and Narconon

International establishes minimum contacts, NIAC contends the analysis for the reasonableness of exercising personal jurisdiction mandated by the Tenth Circuit weighs in favor of declining *in personam* jurisdiction.

In regard to the first argument, NIAC alleges that this Court lacks personal jurisdiction, both specific and general, since Western World cannot establish the necessary minimum contacts between NIAC and the State of Oklahoma. In support of this proposition, NIAC provides evidence that it (1) is a charitable risk pool rather than an insurance company and that membership in NIAC requires that an entity be organized and based in California. Entities that have physical operations outside of the State of California are not eligible for NIAC membership and not eligible for coverage issued by NIAC; (2) Narconon International's policy was executed and delivered in California; (3) the policy was issued through an independent broker in California; (4) NIAC is not licensed to do business in Oklahoma and has never issued a policy of insurance in Oklahoma; (5) NIAC has never solicited to insure or insured any individual or entity within the State of Oklahoma, does not advertise for or solicit business in Oklahoma, and does not recruit employees from within Oklahoma; (6) NIAC has never had any offices, employees, or operations in Oklahoma and has never had an Oklahoma mailing address or telephone listing; (7) NIAC has never registered with any Oklahoma state agency and has never paid any

taxes to the State of Oklahoma or been required to do so; (8) NIAC has never owned or leased any real or personal property within Oklahoma and never maintained any company files or records within this state; (9) NIAC has never had a registered service agent for service of process in Oklahoma; (10) although it maintains a website, NIAC has not directed any advertising or marketing materials to any person or entity in Oklahoma; and (11) NIAC's board of directors is made up of individuals from California.

Initially, Western World bears the burden of establishing personal jurisdiction over NIAC. American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V., 710 F.2d 1449, 1454 (10th Cir. 1983). However, when a request for dismissal premised upon a lack of jurisdiction is decided on the basis of affidavits and other written material alone, Western World need only make a prima facie showing. Id.; Behagen v. Amateur Basketball Association of U.S.A., 744 F.2d 731, 733 (10th Cir. 1984).

The laws governing jurisdiction of the forum state determine the appropriate standard for establishing jurisdiction over a non-resident defendant in a case based in diversity so long as that exercise does not offend the due process clause of the Fourteenth Amendment of the United States Constitution. Rambo v. American Southern Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988). In Oklahoma, the long-arm jurisdictional statute provides that "[a] court of this state may exercise jurisdiction on any basis

consistent with the Constitution of this state and of the Constitution of the United States." Okla. Stat. tit. 12 § 2004(F). This language has been interpreted to authorize jurisdiction over non-resident defendants when such an exercise is consistent with the Due Process Clause of the United States Constitution. <u>Williams v. Bowman Livestock Equipment Co.</u>, 927 F.2d 1128, 1131 (10th Cir. 1991). Due process and the protections afforded under the Constitutions of both Oklahoma and the United States are satisfied only if the non-resident defendant has sufficient "minimum contacts" with the forum state and the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 339, 342, 90 L.Ed. 95, 102 (1945). This "minimum contact" standard requires that the court determine that the non-resident defendant "purposefully directed" his activities toward the forum state, thereby deriving a benefit. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 473 (1985). This determination concentrates on the "defendant's conduct and connection with the forum state as such that he should reasonably anticipate being haled into court there." <u>Id</u>. at 474 citing <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980). A non-resident defendant will not be brought into a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts or the "unilateral activity of another party or a third person." <u>Id</u>. at 475. This variety of personal

jurisdiction is frequently referred to as "specific jurisdiction." Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455-57 (10th Cir. 1996).

Western World relies almost exclusively upon the fact that NIAC issued an insurance policy to an entity (Narconon International) which arguably had some contact or relationship with another entity (Narconon) in the State of Oklahoma. Western World references the "coverage territory" clause within the Policy. The Policy provides coverage, including the right and duty to defend, so long as the "occurrence" takes place in the "coverage territory." *Commercial General Liability Coverage Form*, Sec. I(1)(a) and (b). The term "coverage territory" is defined under the Policy as

    a.  The United States of America (including its territories and possessions), Puerto Rico and Canada;

    b.  International waters or airspace, provided the injury or damages does not occur in the course of travel or transportation to or from any place not included in a. above; or

    c.  All parts of the world if:

        (1)  The injury or damage arises out of:

            (a)  Goods or products made or sold by you in the territory described in a. above; or

            (b)  The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and

        (2)  The insured's responsibility to pay damages is

> determined in a "suit" on the merits, in the
> territory described in a. above or in a
> settlement we agree to.

*Commercial General Liability Coverage Form*, Sec. V(4)(a), (b), and (c).

The Tenth Circuit has expressly recognized that "[a]n individual's contract with an out-of-state party cannot, standing alone, establish sufficient minimum contacts with the forum state." TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd., 488 F.3d 1282, 1287 (10th Cir. 2007) citing Burger King, 471 U.S. at 478.  The court went on to conclude, however, that an insurer establishes minimum contacts with the forum state when it includes a worldwide coverage territory-of-coverage clause such as NIAC has done in this case.  Id. at 1288-91.

This conclusion does not end the required inquiry for specific jurisdiction.  After establishing sufficient minimum contacts exist to the forum state, the court must then determine whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice."  Id. at 1292 citing Asahi Metal Indus. Co. v. Super. Ct. of Calif., 480 U.S. 102, 113 (1987).  The analysis requires a case-specific inquiry into the reasonableness of the exercise of personal jurisdiction over a defendant who has minimum contacts in the forum state.  Id.

In so doing, the Tenth Circuit requires an evaluation of five factors:

(1) the burden on the defendant, (2) the forum state's

> interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.
>
> Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc., 205 F.3d 1244, 1249 (10th Cir. 2000) citing Burger King, 471 U.S. at 477.

The Tenth Circuit also noted a qualitative difference in the minimum contacts establishing jurisdiction. In assessing the reasonableness of asserting jurisdiction, a sliding scale is employed where "the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction." TH Agriculture, 488 F.3d at 1292 citing OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1092 (10th Cir. 1998). As in TH Agriculture, this Court concludes that the minimum contacts established in this case are decidedly weak, being based solely upon the worldwide territory-of coverage clause. Absolutely no other evidence in the record suggests any attempt by NIAC to purposely direct activities to the State of Oklahoma. From their non-profit structure in California to their business activities, NIAC painstakingly attempts to limit its activities and contacts to the State of California. Accordingly, NIAC's showing on the reasonableness of exercising jurisdiction over it in this action is minimal. This Court will weigh the required factors under the specific facts of this case to assess the reasonableness of exercising jurisdiction over NIAC.

**Burden on NIAC of Litigating in Oklahoma –**

NIAC's offices, records, employees, and witnesses are all based in the State of California. While modern technology and transportation might minimize the impact of this fact, it does not tip the scales in favor of exercising jurisdiction. <u>TH Agriculture</u>, 488 F.3d at 1293. On the other hand, Western World maintains agents in the State of California and, therefore, has an established business presence in that state per its website. This factor weighs in favor of NIAC.

**Forum State's Interest in Adjudicating the Dispute**

Both parties to this litigation are out-of-state entities - NIAC with its principal place of business in California and Western World with its principal place of business in New Jersey. Oklahoma bears no particular interest in this dispute.

**Western World's Interest in Convenient and Effective Relief**

This factor "evaluates whether the plaintiff may receive convenient and effective relief in another forum." <u>TH Agriculture</u>, 488 F.3d at 1294 citing <u>OMI Holdings, Inc.</u>, 149 F.3d at 1097. "This factor may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." <u>Id</u>. Western World can certainly obtain convenient and effective relief in California or another similarly convenient

9

forum.

**Interstate Judicial System's Interest in Obtaining Efficient Resolution**

The fourth factor requires an analysis of "whether the forum state is the most efficient place to litigate the dispute." TH Agriculture, 488 F.3d at 1296 citing OMI Holdings, Inc., 149 F.3d at 1097. "Key to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." Id. (citations omitted).

At the heart of this dispute lies a required examination of the Policy and its stated coverage. The contract was formed in California and its interpretation is governed by California law. Nothing in Oklahoma bears relevance upon this dispute.

**State's Interest in Furthering Fundamental Substantive Social Policies**

The final factor "focuses on whether the exercise of personal jurisdiction by [the forum state] affects the substantive social policy interests of other states or foreign nations." TH Agriculture, 488 F.3d at 1297 citing OMI Holdings, Inc., 149 F.3d at 1097. This factor has little to no applicability to the facts in this case.

Considering these factors and the relatively low quality of NIAC's contact with the State of Oklahoma, this Court concludes it is not reasonable to exercise specific personal jurisdiction over

NIAC in this case. Western World devotes considerable space in its briefing on Narconon International's contacts with Oklahoma, somehow attempting to transfer its relationship to the state and its residents to NIAC. This analysis is flawed as it pertains to this lawsuit which involves little contact with Oklahoma. Nothing in the record indicates Western World will be particularly prejudiced by litigating this issue in another forum where both parties maintain a stronger presence.

The other type of personal jurisdiction is general jurisdiction. General jurisdiction requires a showing that NIAC has sufficient contacts with the State of Oklahoma to "constitute . . . continuous and systematic general business contacts." Kuenzle, 102 F.3d at 457 citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). In assessing contacts with a forum, courts have considered such factors as: (1) whether the defendant solicits business in the state through a local office or agents; (2) whether the defendant sends agents into the state on a regular basis to solicit business; (3) the extent to which the defendant holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the defendant. Id. citing Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996).

In this case, Western World has failed to provide the Court

with evidence that NIAC has made any of the type of systematic, regular, and continuous contacts with the State of Oklahoma which are required in order to maintain general jurisdiction over it.

Having found that neither specific nor general jurisdiction exists in this Court, NIAC is entitled to the dismissal of this action.  Neither party has made the request that the action be transferred to another jurisdiction which possesses the requisite jurisdiction.  Western World does make the request in the alternative that it be granted "leave to explore in discovery the nature of Narconon International's business and other contacts with the State of Oklahoma."  Again, this request improperly focuses upon Narconon International's contact with Oklahoma - that inquiry is not this lawsuit.

IT IS THEREFORE ORDERED that Defendant NIAC's Motion to Dismiss for Lack of *In Personam* Jurisdiction (Docket Entry #11) is hereby **GRANTED**.  This action is hereby **DISMISSED** due to a lack of personal jurisdiction in this Court.

IT IS SO ORDERED this 27th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE